## In Re Anonymous No. 75 D.B. 83

Disciplinary Board Docket No. 75 D.B. 83.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

DOUGLAS, *Member*, August 23, 1985—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208 (d), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned Petition for Discipline.

## I. SUMMARY OF THE CASE

While [ ] counsel to the [ ], respondent evaded Pennsylvania income taxes for the years of 1976 through 1979.

Respondent was born on July 30, 1929, and was admitted to the Bar in April of 1972. He had an office at [ ].

Respondent first entered a plea of not guilty. On February 15, 1983, he changed his plea to nolo contendere. On that same date, Judge [A] of [ ] County sentenced him to four years of probation, a fine of $17,000, and restitution.

Respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

a. D.R. 1-102(A)(3), prohibiting illegal conduct involving moral turpitude;

b. D.R. 1-102(A)(4), prohibiting conduct involving dishonesty, fraud, deceit or misrepresentation;

c. D.R. 1-102(A)(5), prohibiting conduct prejudicial to the administration of justice;

d. D.R. 1-102(A)(6), prohibiting conduct that adversely reflects on fitness to practice law.

The hearing committee comprised of [ ], recommended a four-year suspension.

## II. DISCUSSION

Respondent contended that the charges against him were politically motivated, and that he was given no notice of a tax deficiency, and no opportunity to pay the tax and penalty.

He contends that, as he was fired from his position as [ ] Counsel to the [ ] on the same day that he was sentenced by Judge [A], he has been unable to pay the $17,000 fine.

Respondent contends that as a result of the aforesaid, he lost his home and his pension. He was unable to find work in this area, so he moved to [ ]. He has had open heart surgery and more than one heart attack.

Despite respondent's position, the fact remains that, had he honestly reported his income and paid

the proper amount of Pennsylvania income taxes, all of his aforesaid problems, other than the state of his health, would not have arisen.

## III. RECOMMENDATION

For the foregoing reasons, the board respectfully recommends that your honorable court suspend respondent from December 19, 1983, until his period of [ ] County Probation ends on February 15, 1987, or at such earlier time that his [ ] County probation is terminated. Costs to be paid by respondent.

## ORDER

NIX, *C.J.*, And now, this September 23, 1985, upon consideration of the recommendation of the Disciplinary Board dated August 23, 1985, it is ordered that respondent be and he is suspended from the Bar of the Commonwealth commencing December 19, 1983, for the duration of his probation terminating on February 15, 1987, or at such earlier time that his [ ] County probation is terminated, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa. R.D.E.

Mr. Justice Papadakos dissents and would issue a rule to show cause why respondent should not be disbarred.